**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SMILEY JAMES HARRIS, AKA James Lavell Harris, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ROBERT HOWE; et al., <br><br> Defendants - Appellees. | No. 11-16246 <br><br> D.C. No. 3:09-cv-03168-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE and FISHER, Circuit Judges.

Smiley James Harris, also known as James Lavell Harris, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Harris failed to raise a genuine dispute of material fact as to whether he had a serious medical need, or whether defendants were deliberately indifferent to his health by not providing him with medical marijuana, a wheelchair, or a "no standing" chrono. *See id.* at 1058. At best, Harris alleged a difference of opinion as to the appropriate treatment for his alleged back pain, but he has not shown that defendants' decisions were "medically unacceptable under the circumstances," or made "in conscious disregard of an excessive risk to [Harris's] health." *Id.* (citation and internal quotation marks omitted).

Harris's contention that the district court should have construed his complaint as including claims of excessive force is rejected.

We do not consider issues not specifically and distinctly raised and argued in the opening brief or issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED**.